UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY SIMON,

    Plaintiff,

v.

DOUGLAS WADDINGTON, *et al.*,

    Defendants.

Case No. C08-5597 RJB/KLS

ORDER TO SHOW CAUSE

    This civil rights action was transferred from the Eastern District of Washington on October 3, 2008. Dkt. # 6. The case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local MJR 3 and 4, and Federal Rule of Civil Procedure 72. Plaintiff has now been granted leave to proceed *in forma pauperis*.

    Presently before the Court for review is Plaintiff's proposed civil rights complaint. Dkt. # 1. Plaintiff brings his action under 42 U.S.C. § 1983 for the alleged violation of his due process rights at a disciplinary hearing resulting in the loss of 30-days good conduct time. *Id*., pp. 5-6. Plaintiff seeks monetary damages, restoration of his good conduct time and expungement of his disciplinary conviction. *Id*.

ORDER - 1

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*Icting Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that

ORDER - 2

has not been so invalidated is not cognizable under § 1983. *Id.*

Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

*See also Blueford v. Prunty*, 108 F.3d 251 (9th Cir. 1997) (claims for loss of good time credit had to be addressed in habeas corpus petition); *Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003) (state prisoner is required to invalidate disciplinary sentence before bringing § 1983 suit challenging procedures utilized at disciplinary hearing and seeking to expunge all references to charge; if successful, suit would shorten length of prisoner's confinement).

In this case, Plaintiff asks that the Court grant him compensatory damages and issue injunctive relief ordering Defendant to restore his good conduct time - 30 days - and expunge his disciplinary conviction. Dkt. # 1, pp. 5-6. As Plaintiff's challenge affects the overall length of his confinement, then it appears his challenge must be brought as a petition for a writ of habeas corpus and not as a complaint under § 1983. If Plaintiff wishes to challenge the conditions of his confinement, he must set forth sufficient allegations to state a claim under § 1983.

Due to the deficiencies described above, the court will not serve the complaint. Plaintiff shall file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed **no later than November 14, 2008**. The amended complaint must carry the same cause number case number as this one. If an amended complaint is not timely filed or if Plaintiff fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

ORDER - 3

Plaintiff is further advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992).

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

Dated this 20th day of October, 2008.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 4