UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY SIMON,

    Plaintiff,

v.

DOUGLAS WADDINGTON, *et al.*,

    Defendants.

Case No. C08-5597 RJB/KLS

REPORT AND RECOMMENDATION

**NOTED:**
**January 2, 2008**

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and 4. The Court is advised by Plaintiff that he no longer wishes to pursue this action. Dkt. # 11. Accordingly, the undersigned recommends that this action be dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

## DISCUSSION

On October 3, 2008, this case was transferred from the Eastern District of Washington. Dkt. # 6. On October 20, 2008, this Court granted Plaintiff's previously filed application to proceed *in forma pauperis*. Dkt. # 8. On October 20, 2008, the Court advised Plaintiff that it would not serve his complaint and directed Plaintiff to file an amended complaint or show cause why the complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. Dkt. # 10.

In his Complaint, the Plaintiff asks that the Court grant him compensatory damages and issue injunctive relief ordering Defendant to restore 30 days good conduct time and expunge his

REPORT AND RECOMMENDATION
Page - 1

disciplinary conviction. Dkt. # 1, pp. 5-6. As Plaintiff's challenge affects the overall length of his confinement, the Court noted that his challenge must be brought as a petition for a writ of habeas corpus and not as a complaint under § 1983. Dkt. # 10, p. 2. The Court advised Plaintiff that if he wished to challenge the conditions of his confinement, he must set forth sufficient allegations to state a claim under § 1983. *Id*.

Plaintiff did not amend his complaint to challenge the conditions of his confinement. Instead, on November 10, 2008, he filed a motion to voluntarily dismiss his complaint. Dkt. # 11. Plaintiff requests an order of dismissal without prejudice and without imposition of a strike under 28 U.S.C. § 1915(g).

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

> [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . .

No adverse party has yet been served in this action.

## CONCLUSION

The Court should dismiss this action without prejudice and without imposition of a strike. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 2, 2009,** as noted in the caption.

DATED this  10th  day of December, 2008.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2